b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| KAYLA GILES COUTEE, ET AL., Plaintiffs | CIVIL DOCKET NO. 1:20-CV-01403 |
| VERSUS | DISTRICT JUDGE DRELL |
| U.S.A.A. GENERAL INDEMNITY CO., Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is an unopposed Motion to Intervene filed by Freedom Mortgage Corporation ("Freedom"). ECF No. 46. Because Freedom has shown that it should be permitted to intervene of right, Freedom's Motion to Intervene should be GRANTED.

### I. Background

Kayla Giles Coutee ("Coutee") filed a *pro se* Complaint and Amended Complaint against USAA General Indemnity Company ("USAA"), asserting diversity of citizenship. Coutee claims that USAA failed to pay for the loss of her home from fire, pursuant to her homeowner's insurance policy, within the statutory delays set forth in Louisiana law.[1] ECF Nos. 1, 8. Coutee seeks damages (including paying off her mortgage), bad faith penalties, interest, and costs.

USAA answered the Complaint and demanded a jury trial. ECF No. 19.

---

[1] Coutee originally filed this action in the Eastern District of Louisiana. ECF No. 1. It was transferred to the Western District of Louisiana. ECF No. 15.

Freedom filed an unopposed Motion to Intervene pursuant to Fed. R. Civ. P. 24. ECF No. 46. Freedom seeks to intervene of right as a secured, priority lienholder that is both an insured party and a third-party beneficiary of the insurance contract. ECF No. 46. Alternatively, Freedom seeks permissive intervention.

Neither Coutee nor USAA have opposed Freedom's Motion.

II. <u>Law and Analysis</u>

Freedom initiated a foreclosure proceeding against Coutee in May 2022, which is still pending. ECF No. 46 at 1. Subsequently, Freedom learned that Coutee's home had been destroyed by fire on about February 7, 2020. ECF No. 46 at 2. Coutee filed this action against USAA in 2020. ECF No. 1.

Freedom seeks to intervene of right because, under the mortgage contact, it is an insured and/or a third party beneficiary of Coutee's homeowner's insurance policy. Alternatively, Freedom seeks permissive intervention.

To intervene of right under Fed. R. Civ. P. 24(a)(2), the party seeking intervention must show that: (1) the application was timely; (2) it has an interest relating to the property or transaction which is the subject of the action; (3) it is so situated that the disposition of the action may, as a practical matter, impair or impede its ability to protect that interest; and (4) its interest is inadequately represented by the existing parties to the suit. *See Field v. Anadarko Petroleum Corp.*, 35 F.4th 1013, 1017 (5th Cir. 2022). "In the absence of any of these elements,

2

intervention as of right must be denied." *Graham v. Evangeline Parish School Board*, 132 Fed. Appx. 507, 511 (5th Cir. 2005). Courts should construe Rule 24 liberally and resolve all doubts in favor of the proposed intervenor. *See In re* Lease Oil Antitrust Litigation, 570 F.3d 244, 248 (5th Cir. 2009).

"'Timeliness is to be determined from all the circumstances' and 'the point to which [a] suit has progressed is . . . not solely dispositive[.]" *Field*, 35 F.4th at 1017 (citing *Cameron v. EMW Women's Surgical Center, P.S.C.,* 595 U.S. 267, 279-80 (2022)). "Generally, filing a motion to intervene as soon as an intervenor realizes its interests are not adequately protected is sufficient to meet the timeliness requirement." *Id.* (citing *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 394 (1977)).

Freedom contends it first became aware the mortgaged property had been destroyed by fire after it filed a foreclosure proceeding in May 2022. Freedom apparently became aware of Coutee's action against USAA at some point thereafter and filed its Motion to Intervene in June 2023. Moreover, Coutee's lawsuit has not made any substantial progress.[2] Therefore, it appears that Freedom's intervention is timely.

"The second element, an interest in the action, is met when an intervenor shows a 'direct, substantial, legally protectable interest in the proceedings.'" *Field*, 35 F.4th at 1018 (citing *DeOtte v. State of Nevada*, 20 F.4th 1055, 1068 (5th Cir.

---

[2] Coutee's action was initially filed during the pandemic and in the wrong district. It was then transferred here. After that, it was reassigned to another judge once more.

2021)). "Essentially, '[w]hat is important is 'whether the intervenor has a stake in the matter that goes beyond a generalized preference that the case come out a certain way[.]'" *Id.* (quoting *Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015)). "'Property interests are the quintessential rights Rule 24(a) protects,' but they are not the only interests that may support intervention." *Id.* (quoting *La Union del Pueblo Entero v. Abbott*, 29 F.4th 299, 305 (5th Cir. 2022)).

> The mortgage contract between Coutee and Freedom states:
>
> All insurance policies required by Lender . . . shall include a standard mortgage clause, and shall name Lender as a mortgagee and/or as an additional loss payee. . . . In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, . . . shall be applied to restoration or repair of the Property . . . . If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any paid to Borrower.

ECF No. 46-2 at 7-8.

Because Freedom asserts a contractual interest in the insurance that is the subject of the lawsuit that is sufficient to warrant intervention, it has satisfied the second condition.

For the third element, "[t]hough the impairment must be 'practical' and not merely 'theoretical,' the [intervenor] need only show that if [it] cannot intervene, there is a possibility that [its] interest could be impaired or impeded." *Field*, 35 F.4th at 1020 (quoting *La Union del Pueblo Entero*, 29 F.4th at 307).

Freedom contends it was not aware the mortgaged home had been destroyed by fire until it initiated a foreclosure proceeding two years later. Apparently, neither Coutee nor USAA notified Freedom of the loss or of this lawsuit.[3] Although Coutee's demand included payment of her mortgage, she did not name Freedom as the mortgagee. Therefore, it appears that Freedom's interest in the insurance proceeds will be impaired or impeded if it cannot intervene.

"[T]he fourth element, inadequate representation, requires that the would-be intervenors at least establish 'adversity of interest, collusion, or nonfeasance on the part of the existing party' that 'has the same ultimate objective' for the lawsuit as the party seeking to intervene." *Id.* "An intervenor can establish an adversity of interest if 'its interests diverge from the putative representative's interests in a manner germane to the case.'" *La Union del Pueblo Entero*, 29 F.4th at 308.

Because both Coutee and Freedom seek the insurance proceeds from USAA, and Coutee apparently failed to notify Freedom of the property loss and her lawsuit against USAA, there is at least an "adversity of interest" on Coutee's part.

Freedom timely moved to intervene in this action. It has shown an adequate interest in the subject of this lawsuit by virtue of its mortgage contract. And disposing of the action may impair or impede Freedom's ability to protect its

---

[3] Not only does the mortgage contract between Coutee and Freedom require that Freedom be named as mortgagee and/or an additional loss payee, but it also requires that "[i]n the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender." ECF No. 46-2 at 7.

interest. It also appears that neither Coutee nor USAA will adequately represent Freedom's interests. Therefore, Freedom should be permitted to intervene of right.

### III. Conclusion

Accordingly, IT IS RECOMMENDED that Freedom's Motion to Intervene (ECF No. 46) should be GRANTED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __6th__ day of November 2023.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge